**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **WILMER ANTONIO PEREZ ORTEGA #A220-736-574** | **CASE NO. 3:26-CV-03386 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN JACKSON PARISH CORRECTIONAL CENTER** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (Doc. 2) filed by *pro se* Petitioner, Wilmer Antonio Perez Ortega, wherein Petitioner requests that the Court enjoin Respondents from transferring him to another facility while his current petition for writ of habeas corpus is pending.

## BACKGROUND

Petitioner is a native and citizen of Venezuela who illegally entered the United States in January 2022. Petitioner alleges he applied for asylum and complied with all regulations regarding his release.

Petitioner was arrested in Florida on January 12, 2026, for a criminal charge and detained for six (6) months. According to Petitioner, the state court record reflects a *nolle prosequi*, and the criminal proceeding terminated without a conviction against Petitioner.

Due to an immigration hold being lodged against him, instead of being released, Petitioner was detained by immigration officials and later transferred to Jackson Parish Correctional Center in Jonesboro, Louisiana.

**LAW AND ANALYSIS**

Petitioner requests that Respondents be enjoined from transferring him to another jurisdiction while his habeas proceeding is pending, and if transferred, to give him reasonable advance notice of a transfer. Additionally, Petitioner requests that he have reasonable access to his legal papers and to communicate concerning this proceeding.

Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. See *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Substantively, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008)) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) citing *Yates v. Stalder* , 217 F.3d 332,334 (5th Cir. 2000)).

**CONCLUSION**

For the reasons explained hereinabove,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief" (Doc. 2) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 8th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**